# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE CECILIO FUNEZ-GALVEZ, | : |
| Petitioner | : CIVIL ACTION NO. 3:CV-17-1931 |
| v. | : (Judge Caputo) |
| CLAIRE DOLL, *et al.*, | : |
| Respondents | : |

# M E M O R A N D U M

## I. Introduction

On October 23, 2017, Jose Cecilio Funez-Galvez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that his prolonged detention, since October 14, 2016, by the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), without a bond hearing violates due process. (ECF No. 1.) On November 27, 2017, Respondent opposed the Petition because Mr. Funez-Galvez, who is detained pursuant to 8 U.S.C. § 1226(a), has received all of the due process owed when he requested, and received, a bond hearing and redetermination hearing. Additionally, Petitioner's request for habeas relief is premature as he failed to fully exhaust his available administrative remedies. (ECF No. 5.) Mr. Funez-Galvez filed a Reply arguing that he is subject to mandatory

detention under 8 U.S.C. § 1226(c) and therefore, without Court intervention, will not receive a bond hearing. (ECF No. 6.)

For the reasons set forth below, the Court will deny the Petition.

**II. Standard of Review**

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

The only relief this Court may grant a non-criminal alien detainee not yet subject to a final order of removal is a bond hearing before an Immigration Judge, not release. *See Diop*, 656 F.3d at 235.

**III. Background**

Petitioner is a native and citizen of Honduras who entered the United States in 1999 as a nonimmigrant. (ECF No. 5-1, pp. 4 and 7.) On July 18, 2011, DHS served him with a Notice to Appear charging him for overstaying his nonimmigrant

visa, in violation of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(B).[1] On July 20, 2011, after being initially detained, Mr. Funez-Galvez was released on $5,000 bond. (*Id*., p. 10.) On January 14, 2014, Petitioner was granted administrative closure due to a pending petition for U Visa nonimmigrant status that was subsequently denied. (*Id*., p. 4.)

On September 27, 2016, DHS encountered Mr. Funez-Galvez at the Allegheny County Jail after he was arrested on charges of simple assault and harassment.[2] (*Id*.) At that time, Petitioner's criminal history included: (1) a 2006 conviction for carrying a concealed weapon (Fairfax, Va.); (2) a 2006 conviction for fraud (Fairfax, Va.); (3) a 2014 conviction for driving under the influence;[3] and (4) a 2016 conviction for violations concerning licenses; an accident involving death/Injury – not properly licensed; and accident involving damage attended vehicle/property.[4]

---

[1] Specifically, Mr. Funez-Galvez's Notice to Appear charged that he was subject to removal pursuant to the following provision of law:

> Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States.

(*Id.*, p. 7.)

[2] These charges were dismissed on October 6, 2016. (ECF No. 1, p. 5.)

[3] The Court takes judicial notice of Petitioner's Westmoreland County Court of Common Pleas docket sheet concerning this charge. *See Commonwealth v. Funez-Galvez*, CP-65-CR-0005160-2013 (Westmoreland Cty. Ct. Com. Pl.). Mr. Funez-Galvez entered a negotiated guilty plea to driving under the influence, first offense. (*Id*.)

[4] The Court takes judicial notice of Petitioner's Allegheny County Court of Common Pleas docket sheet concerning these charges. *See Commonwealth v. Funez-Galvez*, CP-02-CR-0000452-2016 (Allegheny Cty. Ct. Com. Pl.). Mr. Funez-Galvez entered a negotiated guilty plea to the identified charges while others were dismissed. (*Id*.)

On October 14, 2016, Petitioner was released to ICE custody and it was determined that Mr. Funez-Galvez would remain detained pending his removal proceedings. (*Id*., pp. 9 - 16.)

Five months later Mr. Funez-Galvez requested a change in his custody status. On February 23, 2017, the Immigration Judge (IJ) denied the request after finding Petitioner to be a "danger". (*Id*., p. 17.) Petitioner did not appeal the IJ's decision to the Board of Immigrations Appeals (BIA). On March 31, 2017, the IJ denied Mr. Funez-Galvez's motion for reconsideration on the basis that Petitioner failed to carry his burden of proof to demonstrate that his circumstances changed materially since his prior bond hearing determination. Specifically, the IJ noted that:

> [Petitioner] has a 2014 conviction for driving under the influence of alcohol. Since the 2014 conviction, [Petitioner] has had a subsequent driving offense in 2016. The Court finds that [Petitioner] has not presented any new material evidence that could not have been presented at the prior bond hearing or that would allow the Court to find that [Petitioner] is no longer a danger.

(*Id*., pp. 19 - 20.) Petitioner did not appeal the IJ's decision to the BIA.

On May 19, 2017, Mr. Funez-Galvez sought a redetermination of his custody status before an IJ. (*Id*., pp. 23 – 25.) Petitioner based his motion, in part, on an alleged material error of fact relied upon by the IJ when reaching his earlier decision that he was "a danger". Mr. Funez-Galvez pointed out that the IJ relied on him having "a subsequent driving offense in 2006 [ … ] but there is no record of offense since 2014. As such [Petitioner] is not a danger." (*Id*., p. 24.) On June 27, 2017, the IJ denied Mr. Funez-Galvez's request for a change in custody. (*Id*., p. 27.)

While Petitioner reserved the right to appeal the decision, he never filed an appeal with the BIA.

On September 18, 2017, an IJ ordered Mr. Funez-Galvez removed from the United States to Honduras and denied his application for cancellation of removal under § 240A(b)(1) of the INA. (*Id*., p. 28.) On October 16, 2017, Mr. Funez-Galvez filed a Notice of Appeal with the BIA. (*Id*., p. 29.) Petitioner's appeal is currently pending before the BIA.

The instant Petition was filed on October 23, 2017. (ECF No. 1.) He alleges he "has not been afforded a bond hearing to justify if continued detention is warranted." (Id., p. 7.) As relief Mr. Funez-Galvez seeks his immediate release or "other relief."

To date, Mr. Funez-Galvez has been held in ICE custody since October 14, 2016, approximately fourteen months.

### III. Discussion

The first step in evaluating Mr. Funez-Galvez's petition is to determine whether he is detained under § 236 or § 241 of the INA, 8 U.S.C. §§ 1226 or 1231, as each statute applies to a different stage of an alien's detention. While removal proceedings are ongoing, most aliens may be released on bond or parole. Section 1231(a)(2), on the other hand, mandates an alien's detention during the removal

period established in §1231(a)(1).[5] *See Zadvydas v. Davis* 533 U.S. 678, 683, 121 S.Ct. 2491, 2495, 150 L.Ed.2d 653 (2001) (describing these differences); *see also Leslie v. Att'y Gen. of United States*, 678 F.3d 265, 268 – 69 (3d Cir. 2012) (same).

Here, Mr. Funez-Galvez's appeal of the IJ's order of removal is currently pending before the BIA. Thus, he is not yet subject to an administratively final order of removal and is still considered to be in a pre-removal immigration detention. *See* 8 U.S.C. § 1231(a)(1)(B) (providing removal period begins on the latest of the date the order of removal becomes administratively final or, if the alien files a petition for review in the court of appeals and the court of appeals orders a stay of removal, the date of the court of appeals' final order upholding the order of removal); *see also* 8 C.F.R. § 1241.1(a) (stating that an order of removal from an IJ becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals"). Accordingly, 8 U.S.C. § 1226(a) authorizes Mr. Funez-Galvez's detention and potential release on bond pending a decision on his order of removal unless he is detained pursuant to § 1226(c). *See* 8 U.S.C. § 1226(a) and (c); *see also Contant*, 352 F. App'x 692, 695 – 96 (distinguishing § 1226(a) detainees from § 1226(c) detainees). Section 1226(c), an exception to § 1226(a), mandates the detention of specified criminal aliens during removal proceedings, provided their detention does not continue for a prolonged period of time. *See* 8 U.S.C. § 1226(c); *Diop*, 656 F.3d at 232. Although Mr. Funez-Galvez argues that he is being held pursuant to § 1226(c), his assertion is unsupported by the record. *See* ECF No. 5-1, p. 7, Notice to Appear.

---

[5] The removal period is defined as the first ninety days following the entry of a final removal order. *See* 8 U.S.C. § 1231(a)(1)(A).

As Petitioner is held under the discretionary provision of 8 U.S.C. § 1226(a), he is entitled to a bond hearing upon request.

> Aliens detained pursuant to § 1226(a) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an IJ. 8 C.F.R. § 236.1(d)(1). An IJ may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the IJ's bond decision to the BIA. 8 C.F.R. § 236.1(d)(3).

*Contant,* 352 F. App'x at 695. The BIA's exercise of its discretionary authority to detain or release an arrested alien on bond is not subject to judicial review. *See* 8 U.S.C. § 1226(e); *Sylvain v. U.S. Att'y Gen.*, 14 F.3d 150, 155 (3d Cir. 2013).

In his Petition, Mr. Funez-Galvez alleges that he has been detained for over a year and "has not been afforded a bond hearing to justify if continued detention". (ECF No. 1 at 7.) The record before the Court contradicts Petitioner's assertion that he has not yet received a bond hearing. It appears Mr. Funez-Galvez has received a bond determination hearing, as well as consideration of a request for a redetermination hearing, pursuant to 8 U.S.C. § 1226(a) before an IJ. (ECF No. 5-1 at 17, 19 – 20.) Thus, it appears that Petitioner has already received the only relief this Court can provide him, a bond hearing before an IJ.[6] To the extent Mr. Funez-

---

[6] Mr. Funez-Galvez does not argue that he was denied due process at his bond hearing. A federal court can grant new bond hearing to a § 1226(a) detainee where the original hearing was conducted unlawfully or was not held at all, but cannot alter denial of release after alien was provided a bona fide bond hearing. *See Garcia v. Green*, No. 16-0565, 2016 WL 1718102, at *3 (D.N.J. Apr. 29, 2016).

Galvez is dissatisfied with the end result of his bond hearing; his remedy is to appeal the IJ's decision to the BIA. To date, he has not done so. As a result, he has failed to exhaust his available administrative remedies prior to seeking habeas relief. *See Okonkwo v. I.N.S.*, 69 F. App'x 57, 59 (3d Cir. 2003) (nonprecedential) (alien must first exhaust administrative remedies dealing with parole before filing a habeas petition seeking release from custody); *see also Leonardo v. Crawford*, 646 F.3d 1157, 1160 – 61 (9th Cir. 2011) (alien failed to exhaust administrative remedies when he did not appeal the IJ's bond determination to the BIA before seeking habeas relief in district court).

To the extent Petitioner challenges the length of his pre-final order detention, approximately fourteen months now; he has failed to demonstrate that he is subject to indefinite detention in violation of due process. *See Contant*, 352 F. App'x at 695 – 96 (alien's nineteen-month pre-removal immigration detention was not "indefinite" because a decision of his removal appeared reasonably foreseeable and there was no indication that he could not be removed to his country of origin); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 - 65 (9th Cir. 2008) (pre-final order detainee's three year detention was not "indefinite" because a petition for review of the administrative order of removal was pending and there was no indication the alien could not be repatriated to his country of origin if his appeal was denied). As noted earlier, Mr. Funez-Galvez has been in pre-removal immigration detention for a little over fourteen months and has had the benefit of at least one bond hearing and a bond redetermination request. Moreover, an IJ recently ordered his removal and his

appeal of that order is pending before the BIA.  Petitioner makes no showing that if his appeal is denied he could not be removed to Honduras in a reasonable period of time.  Accordingly, Mr. Funez-Galvez's Petition will be denied.

**IV.     Conclusion**

For the foregoing reasons, Mr. Funez-Galvez's habeas petition will be denied without prejudice to a renewed application in light of changed circumstances, if and as appropriate.

An appropriate order will follow.

**Date:  January 19, 2018**　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**